IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREA DISTRIBUTING, INC.,

ORDER

Plaintiff,

v.                                                              15-cv-341-jdp

DEAN FOODS OF WISCONSIN, LLC,

Defendant.

Plaintiff Andrea Distributing, Inc. has a distribution agreement with defendant Dean Foods of Wisconsin, LLC. But Andrea failed to make payments on a past due balance for dairy products that it purchased from Dean Foods, and consequently, Dean Foods intends to terminate the agreement effective September 3, 2015. Andrea alleges that the termination violates the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. § 135.01 *et seq.,* and it seeks an injunction against the termination, contending that it will face certain insolvency unless the court intervenes.

Preliminary injunctive relief is not appropriate. Andrea has made, at best, only a modest showing of likely success on the merits, and the balance of harms and the public interest do not weigh strongly in favor of an injunction. The court will therefore deny Andrea's motion.

ALLEGATIONS OF FACT

The court draws the following facts from Andrea's complaint and from the materials that the parties submitted to address Andrea's motion for preliminary injunction.

Andrea is a distribution company, headquartered in Spooner, Wisconsin. In 2007, Andrea and Dean Foods formed two oral agreements: (1) a hauling agreement; and (2) a distribution agreement. Under the hauling agreement, Andrea received compensation for transporting Dean Foods's products to Dean Foods's customers in northwestern Wisconsin. Under the distribution agreement, Andrea was able to purchase products from Dean Foods at a reduced price and resell them to Andrea's own customers.

In 2014, Andrea fell behind on its payments for the products that it purchased under the distribution agreement, and so Dean Foods asked Andrea to come up with a plan to pay down the past due balance. Andrea submitted three proposals in December 2014, all of which proposed to increase Andrea's cash flow by raising rates under the hauling agreement. Dean Foods accepted one of these proposals on a temporary basis, while it canvassed the market to see whether other companies would charge similar rates to serve the same area. Dean Foods found other haulers that were prepared to take over Andrea's routes for less money.

Because Andrea's rates were above market rates, Dean Foods decided to replace Andrea with a new hauler. But many of Dean Foods's customers in the area were schools, and it would have been disruptive to change haulers in the middle of the academic year. Thus, Dean Foods agreed to continue using Andrea for hauling for the remainder of the 2014-15 school year. In a letter dated March 20, 2015, Dean Foods indicated that it would terminate the hauling agreement effective June 8, 2015.

Meanwhile, Andrea has still not made payments on its past due balance. In another letter—this one dated June 4, 2015—Dean Foods informed Andrea that it intended to terminate the distribution agreement for nonpayment. The letter explained that Andrea could

2

avoid termination by making a payment within 10 days. But Andrea did not make any payments, and the distribution agreement is now set to expire on September 3, 2015.

Andrea filed suit in the Wisconsin Circuit Court for Washburn County, alleging that Dean Foods violated the WFDL. Dean Foods removed the case to federal court, pursuant to 28 U.S.C. § 1441. This court has subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.[1]

ANALYSIS

Andrea asks the court to enter an injunction "awarding [it] the routes that were terminated and given to competing dealers." Dkt. 11, at 10. To obtain preliminary injunctive relief, Andrea must show that it has no adequate remedy at law and will suffer irreparable harm without an injunction. *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012). Andrea must also show "some likelihood of success on the merits." *Id.* If Andrea makes these threshold showings, then the "court weighs the balance of harm to the parties if the injunction is granted or denied and also evaluates the effect of an injunction on the public interest." *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). The strength of Andrea's case affects the court's balancing analysis. "The more likely it is that [Andrea] will win its case on the merits, the less the balance of harms need weigh in its favor. . . . Conversely, if it is very unlikely . . . that [Andrea] will win

---

[1] Andrea's proposed facts in support of its motion for preliminary injunction state that Dean Foods is incorporated in Wisconsin. Dkt. 14, at 1. But Dean Foods's notice of removal explains that it is actually a Delaware limited liability company. Dkt. 1, ¶ 3. By virtue of the citizenship of Dean Foods's members (and its members' members), Dean Foods is a citizen of Delaware and of Texas. *Id.* Thus, the parties are completely diverse.

on the merits, the balance of harms need weigh much more in [its] favor." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1100 (7th Cir. 2008).

Andrea does not have a persuasive case on the merits. There are two agreements at issue in this case, but Andrea has not explained how Dean Foods violated the WFDL in terminating either of them. With regard to the hauling agreement, Andrea has failed to demonstrate that the WFDL even applies. Andrea's claims arise under statutes that apply only to "dealerships," a term that the WFDL defines as:

1. A contract or agreement, either expressed or implied, whether oral or written, between 2 or more persons;

2. by which a person is granted the right to sell or distribute goods or services, or use a trade name, trademark, service mark, logotype, advertising or other commercial symbol;

3. in which there is a community of interest in the business of offering, selling or distributing goods or services at wholesale, retail, by lease, agreement or otherwise.

Wis. Stat. § 135.02(3)(a). Both the Seventh Circuit and the Wisconsin Supreme Court have held that agreements concerning only the transport and delivery of goods—like the hauling agreement at issue in this case—are not dealerships within the meaning of § 135.02(3) either because these agreements do not meet the second requirement, *Van Groll v. Land O'Lakes, Inc.*, 310 F.3d 566, 568-70 (7th Cir. 2002); *Rakowski Distrib., Inc. v. Marigold Foods, Inc.*, 193 F.3d 504, 506-08 (7th Cir. 1999), or because they do not meet the third requirement, *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 772-76, 300 N.W.2d 63 (1981). Andrea's hauling agreement with Dean Foods appears to be outside the scope of the WFDL, and it is therefore unlikely that Andrea can succeed on claims relating to that agreement.

As for the distribution agreement, the court will assume without deciding that the WFDL's provisions apply. But Andrea's own evidence suggests that Dean Foods adhered to

4

these provisions. Under the WFDL, a grantor must provide a dealer with at least 90 days' written notice before terminating a dealership, and that notice must provide the reasons for termination. Wis. Stat. § 135.04. If the reason for termination is nonpayment of sums due under the dealership, then the grantor must give the dealer 10 days to cure the deficiency. *Id.* Here, Dean Foods sent Andrea a letter indicating its intent to cancel the distribution agreement in 90 days. Dkt. 11-1, at 4. The letter explained that Andrea had a past due balance of $144,169.31 for products that it purchased from Dean Foods, and that Andrea had 10 days to make a payment on that balance to avoid termination of the distribution agreement. *Id.* It is undisputed that Andrea did not make any payments.

Andrea's theory of this case is that notwithstanding Dean Foods's apparent compliance with the WFDL, it had "already transferred hauling routes to competitive haulers, rendering any distribution agreement invalid prior to any formal termination." Dkt. 11, at 8. But this argument construes the hauling and distribution agreements as one unified contract, and Andrea offers no authority to support combining them for purposes of the WFDL. The evidence of record suggests that the agreements were separate, and that Andrea's rights under the distribution agreement were distinct from its rights under the hauling agreement. For example, Dean Foods's June 4 letter suggests that if Andrea had paid its past due balance, then the distribution agreement would have continued regardless of the fact that the hauling agreement had already been terminated. Because there is no evidence that Dean Foods improperly terminated the distribution agreement, Andrea has not made a persuasive showing of its likely success on the merits.

Even if Andrea were to overcome the threshold hurdles for preliminary injunctive relief, the balance of harms and the public interest weigh against an injunction. Andrea

asserts (without citing to record evidence) that it will go out of business if the court does not require Dean Foods to continue paying Andrea for hauling products to Dean Foods's customers. Dkt. 9, at 11.[2] But Andrea does not appear to be in immediate danger of insolvency. Indeed, during a deposition, Andrea's corporate designee explained that the company has a "hand-shake deal" with another dairy supplier for whom Andrea will distribute products once its distribution agreement with Dean Foods expires. Dkt. 18 (Andrea Dep. 98:5-14). Andrea expects to retain all but one of its current customers (and Andrea plans to try to win that customer back). *Id.* (Andrea Dep. 105:3-106:11).

Cast against this evidence, Andrea's conclusory statements regarding impending insolvency do not demonstrate that an irreparable injury will occur absent an injunction. And opposite any possible harm to Andrea is the difficulty that preliminary injunctive relief would create for Dean Foods, who would be stuck with a non-paying distributor. The Seventh Circuit has recognized that locking a grantor "into an intimate and continuous relationship with a dealer it no longer wishes to be associated with . . . is a great hardship." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 392 (7th Cir. 1984) (internal citations omitted). Thus, the balance of harms does not weigh in favor of an injunction.

The public interest is less prominent in this case, although it weighs against an injunction as well. Andrea suggests that the people of Wisconsin have an interest in enforcing the provisions of the WFDL, but Dean Foods responds that any such interest actually weighs

---

[2] Andrea also invokes Wis. Stat. § 135.065, which states that "[i]n any action brought by a dealer against a grantor under this chapter, any violation of this chapter by the grantor is deemed an irreparable injury to the dealer for determining if a temporary injunction should be issued." But other federal courts in Wisconsin have held that this provision raises only a *rebuttable* presumption of irreparable harm. *See, e.g.*, *S & S Sales Corp. v. Marvin Lumber & Cedar Co.*, 435 F. Supp. 2d 879, 885 (E.D. Wis. 2006). Here, Dean Foods has rebutted the presumption by showing that Andrea's allegedly impending insolvency is not likely to occur.

*against* an injunction because Dean Foods scrupulously complied with the law's requirements in this case. Andrea also suggests (again, without citing to record evidence) that without an injunction, some consumers in Andrea's service area will be unable to receive dairy products. But the record belies this assertion: Andrea has lined up a new supplier, Dkt. 18 (Andrea Dep. 104:8-105:10), and Dean Foods has hired new haulers to serve its customers, Dkt. 26, ¶¶ 15-16. The evidence of record indicates that there will be few customers, if any, who will not have access to dairy products once Dean Foods terminates the distribution agreement.

Andrea has offered a relatively weak showing of its chances of success on the merits. And Dean Foods has identified evidence to contradict Andrea's conclusory statements regarding the balance of harms and the public interest. Andrea has failed to demonstrate that it is entitled to preliminary injunctive relief.

## ORDER

IT IS ORDERED that plaintiff Andrea Distributing, Inc.'s motion for preliminary injunction, Dkt. 10, is DENIED.

Entered September 1, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge